**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DEON COLVIN,

          *Plaintiff*,

     v.

DONALD W. TUNNAGE,

          *Defendant*.

Civil Action No. 1:25-cv-02554 (UNA)

<u>**MEMORANDUM OPINION**</u>

     This matter is before the Court on its review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP application, and for the reasons explained below, it dismisses this case without prejudice.

     Plaintiff, a resident of the District, sues an associate judge of the D.C. Superior Court who presided over a case that Plaintiff filed in that court, *see Colvin v. 743 Fairmont St. NW, LLC*, No. 2024-CAB-007438 (D.C. Super. Ct. filed Nov. 25, 2024)[1] ("*Colvin I*"); *see also* Compl. at 3. Plaintiff challenges several determinations made by the court in *Colvin I*, largely related to the treatment and denial of Plaintiff's motions and his other requests for relief. *See* Compl. at 3–20. He broadly alleges that these acts were discriminatory and violated his constitutional and other statutory rights, *see id.* at 2, 8, and he seeks an injunction from this Court condemning and reversing them, *see id*. at 8, 10, 13–15, 17–20.

---

[1] A court may take judicial notice of the docket and facts on the public record in other court proceedings. *See Covad Commc'ns Co. v. Bell Atl. Corp*., 407 F.3d 1220, 1222 (D.C. Cir. 2005).

Plaintiff has failed to establish subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3). Federal courts are generally prohibited from reviewing determinations made by local District of Columbia courts.  *See Richardson v. D.C. Ct. of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415 (1923)).  The *Rooker-Feldman* abstention doctrine "bars lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are inextricably intertwined with the issues that were before the state court."  *Araya v. Bayly*, 875 F. Supp. 2d 1, 3 (D.D.C. 2012) (citation and internal quotation marks omitted), *aff'd*, No. 12-7069, 2013 WL 500819 (D.C. Cir. Jan. 18, 2013).  In addition, to the extent that Plaintiff seeks relief against Defendant in his personal capacity, such claims are "barred under the doctrine of absolute judicial immunity and thus must be dismissed."  *Smith v. Scalia*, 44 F. Supp. 3d 28, 40 (D.D.C. 2014), *aff'd*, No. 14-5180, 2015 WL 13710107 (D.C. Cir. Jan. 14, 2015).

For these reasons, the case is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date:  October 24, 2025

_____
CARL J. NICHOLS
United States District Judge